## H. and A. Israelstam, trading as Grant Works Fair, Appellees, v. United States Casualty Company, Appellant.

### Gen. No. 20,862.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDMUND
K. JARECKI, Judge, presiding.  Heard in the Branch Appellate Court
at the October term, 1914.  Affirmed.  Opinion filed October 18, 1916.
Rehearing denied November 3, 1916.

### Statement of the Case.

Action by H. and A. Israelstam, copartners, trading
as Grant Works Fair, plaintiffs, against the United
States Casualty Company, a corporation, defendant,
on a policy of burglary insurance.  From a judgment
for plaintiffs, defendant appeals.

MOSES, ROSENTHAL & KENNEDY, for appellant; WAL-
TER BACHRACH, of counsel.

ROSE, SYMMES & KIRKLAND and JOHN L. FOGLE, for
appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opin-
ion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 878*—*when question of insufficiency of
evidence to sustain judgment may not be raised on appeal.*  The
contention that the evidence was insufficient to support the amount
of a judgment cannot be raised for the first time in the appellant's
reply brief.

2. INSURANCE, § 704*—*when judgment will not be set aside on
appeal as unsupported by evidence.*  In an action on a policy of
burglary insurance, providing that there could be no recovery for
loss if the accounts and records of the assured were not so kept

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Israelstam v. United States Casualty Co., 201 Ill. App. 512.

that the actual loss could be accurately determined therefrom, *held* that the Appellate Court could not say that the finding of the trial court that the loss could be determined from the accounts and records was not supported by evidence which tended to show that the plaintiffs kept a ledger, cashbook, checkbook, invoices, sales slips and an inventory, the latter being made up some months before the loss, and including testimony of one of the plaintiffs that from these the amount of the loss could be determined, where the inventory, invoices, sales slips and checkbook were not preserved in the record.

3.    INSURANCE, § 287*—*what is purpose of condition in policy for keeping of accounts.*  On an appeal by an insurer from a judgment for a loss entered in favor of the insured under a policy of burglary insurance, providing that there could be no recovery for loss if the accounts and records of the insured were not so kept that the actual loss could be accurately determined therefrom, *held* that the judgment would not be reversed on the ground that the condition in respect to the keeping of accounts had not been fulfilled by the insured where it was not claimed that the judgment did not represent the amount of the loss, as such condition was merely intended to protect the insurer against an excessive claim.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCI 33